# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN MCDANIEL, #N-70134,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 10-cv-0783-MJR |
| | ) |
| **MARK (HEAD CARPENTER at** | ) |
| **VIENNA CORRECTIONAL CENTER),** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

### A.  Introduction

Plaintiff Brian McDaniel, an inmate in Graham Correctional Center, brings this action under the Federal Tort Claims Act, 28 U.S.C. § 1346, based on an incident that occurred while he was housed at Vienna Correctional Center. Plaintiff is serving a 52 month sentence for misuse of a credit card, aggravated fleeing a police officer, and possession of a controlled substance. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

In the instant case, upon careful review, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the original complaint and the first amended complaint. However, Plaintiff shall be allowed an opportunity to amend his complaint by a certain deadline, should he so desire.

  **B.** **Summary of Key Facts**

The following factual summary is drawn from Plaintiff's complaint (Doc. 1) and Motion to Exclude Exhaustion of Remedies (Doc. 3). While Plaintiff was confined in the Vienna Correctional Center, he worked as a carpenter under the supervision of Defendant Mark, the Head Carpenter at that institution. Plaintiff's job entailed tearing off and replacing shingles on the roofs of several buildings. Rather than have the inmate-workers wear safety harnesses, which Plaintiff claims should

have been required under applicable safety standards, the only protection devised by Defendant Mark to prevent a fall from the roof was a hand rail. On November 3, 2009, Plaintiff slipped and fell from the roof, falling about 18 feet to the cement sidewalk below. He sustained no broken bones. But he injured his head, hip, left shoulder and left big toe, and he suffered chipped teeth and a broken dental partial. In addition, he now suffers from grand mal seizures due to head trauma from the fall. He continues to experience pain and restriction of movement due to his injuries, and he claims that the injuries and seizures will prevent him from returning to his prior employment as a tower technician or carpenter.

Plaintiff states that he was discharged from the Illinois Department of Corrections 35 days after he suffered the fall. However, he has since returned to custody, now serving time on new convictions. Plaintiff further alleges that he has been denied medical care for his ongoing symptoms stemming from the injuries.

Plaintiff's Motion to Exclude Exhaustion of Remedies (Doc. 3), which accompanied his complaint, mentions that he experienced retaliation for claiming he was injured in the fall. Plaintiff's First Amended Complaint (Doc. 9) was filed on March 28, 2011, without seeking leave from the Court.

### C. Analysis

Federal prisoners may bring suit against the United States under the Federal Tort Claims Act ("FTCA") for injuries they sustain while incarcerated. *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). Plaintiff, however, may not bring his claim under the FTCA, because he was a *state* prisoner in the custody of the Illinois Department of Corrections at the time he was injured. Moreover, Defendant Mark is an employee of the State of Illinois, not of the federal government.

Therefore, Plaintiff has no basis for a claim against the United States, and Plaintiff's FTCA claim must be dismissed without prejudice.

Plaintiff's claim essentially alleges that Defendant Mark was negligent in failing to provide adequate safety measures to prevent a worker from falling off the roof. Negligence on the part of a prison official does not give rise to a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Nonetheless, this tort claim may be actionable if it were brought in a timely petition in state court, and that is where Plaintiff's remedy for this injury, if any, must lie.

Plaintiff raises two other matters that might state a cognizable civil rights claim under 42 U.S.C. § 1983, but his allegations are insufficient for the Court to determine whether they survive initial review under § 1915A. Plaintiff states that he is "being denied medical attention in the IDOC and provided with the very minimum of doctors care" (Doc. 1, p. 9). However, he does not name any other defendants in connection with this claim (clearly, Defendant Mark's carpenter position does not involve providing medical care to Plaintiff). Nor does he explain the medical needs for which treatment was denied, or even state whether the denial of medical care took place at Vienna or in another institution in or out of the area of this Court's jurisdiction. While "deliberate indifference to serious medical needs of prisoners" *may* constitute cruel and unusual punishment under the Eighth Amendment *(see Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994)), Plaintiff's existing complaint is wholly insufficient to state a constitutional claim.

Plaintiff also mentions that he experienced retaliation after sustaining his injuries, but again, does not describe the act(s) of retaliation, name the defendant(s), or identify what protected activity on his part triggered the retaliation. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Plaintiff's bare conclusory statement that retaliation occurred is not sufficient to state a claim upon which relief may be granted.

> Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993).

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. His proposed amended complaint is equally insufficient. **However, the Court will allow Plaintiff an opportunity to file a Second Amended Complaint as to the allegations of deliberate indifference to medical needs and retaliation, if those claims arose within the jurisdiction of the Southern District of Illinois.** Nothing in this Order should be construed as an opinion regarding the merits of Plaintiff's potential claims.

### D. Pending Motion

Plaintiff's Motion to Exclude Exhaustion of Remedies (Doc. 3) has no merit, as he cannot maintain an action under the Federal Tort Claims Act, nor do the Rules of the Illinois Court of Claims cited in the motion apply in this Court. Accordingly, the motion (Doc. 3) is **DENIED**.

### E. Disposition

Plaintiff's allegations under the Federal Tort Claims Act fail to state any claim upon which relief may be granted. That claim, therefore, is **DISMISSED** without prejudice to Plaintiff bringing his claim in state court.

As to Plaintiff's allegations regarding deliberate indifference to medical needs or retaliation, if Plaintiff wants to pursue those potential claims, he must file a Second Amended Complaint within 35 days of the entry of this order (on or before May 24, 2011). If Plaintiff no longer wishes to pursue this action, he may file a motion to voluntarily dismiss the case on or before May 24, 2011.

Plaintiff is **ADVISED** that if he does not timely file a Second Amended Complaint that states an actionable constitutional claim, his case will be dismissed, and the dismissal of this action shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Court further **ORDERS** that the Second Amended Complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions allegedly taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff is **ADVISED** to *include only related claims* in the Second Amended Complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and *additional filing fees will be assessed.*

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to return to Plaintiff a copy of his original complaint (Doc. 1) and amended complaint (Doc. 9) with all accompanying exhibits. Failure to file a Second Amended Complaint shall result in dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to mail a § 1983 civil rights complaint form and instructions to the Plaintiff along with this order.

Finally, Plaintiff is reminded that any proposed amendments or supplements to his complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion to amend is filed. The Court will not accept piecemeal amendments to complaints.

**IT IS SO ORDERED.**

**DATED: April 19, 2011**

/s/ MICHAEL J. REAGAN
**U.S. District Judge**