# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN MCDANIEL, #N-70134,           )
                                    )
    Plaintiff,                     )
                                    )
vs.                                 )   CASE NO. 10-cv-0783-MJR
                                    )
MARK (HEAD CARPENTER at             )
VIENNA CORRECTIONAL CENTER),        )
DR. BIRCH, and UNKNOWN PARTY        )
(CHIEF ENGINEER),                   )
                                    )
    Defendants.                    )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

### A.    Introduction

This matter comes before the Court for review of Plaintiff's Second Amended Complaint (Doc. 13), in which he seeks relief for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Preliminary review of the Second Amended Complaint must be conducted pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

This Court previously found that Plaintiff's original complaint (Doc. 1) and his First

Amended Complaint (Doc. 9) failed to state a claim on which relief may be granted. The Court dismissed Plaintiff's Federal Tort Claims Act (FTCA) claim without prejudice to him bringing a negligence claim in state court (Doc. 10). Plaintiff was given leave to file a Second Amended Complaint, if he wished to pursue his potential claims of deliberate indifference to medical needs and retaliation. Plaintiff included those allegations in the Second Amended Complaint. Also, despite this Court's clear direction that Plaintiff must file any tort claims in state court, Plaintiff also included in his Second Amended Complaint the dismissed negligence claim against Defendant Mark, along with a new negligence claim against Defendant Unknown Party/Chief Engineer.

Upon careful review of the Second Amended Complaint, the Court finds it appropriate to exercise its authority under § 1915A, which leads to the conclusion that portions of this action are subject to summary dismissal.

B. **Factual Summary**

The Second Amended Complaint alleges the following. While Plaintiff was incarcerated in the Vienna Correctional Center, he worked as a carpenter under the supervision of Defendant Mark. Plaintiff fell over 15 feet from a roof on November 3, 2009 and sustained injuries resulting in an ongoing seizure disorder. He complains that Defendant Mark and Defendant Unknown Party/Chief Engineer failed to follow proper safety measures, which could have prevented his fall. He seeks to hold them liable for negligently causing his injuries.

After his fall, Plaintiff was taken to the prison medical unit, then to an outside hospital for x-rays. He was returned to the medical unit, where he requested pain medication, for injuries to his back, right hip, shoulder, left big toe, and a broken tooth. He was given one Vicodin, which did not provide relief. A nurse left his next pain pill on a table 20 feet away from Plaintiff's bed, but he was

unable to get up and get the pill due to the severity of his pain, so he did not get the medicine. The following day, Plaintiff was sent on crutches back to his cell, still in pain so severe he could not get to the bathroom or walk to the chow hall. He stayed in his cell for nine days without taking any meals in the chow hall.

On approximately November 13, 2009, Plaintiff saw Defendant Dr. Birch, and asked for medication for the pain he was still having from his various injuries. Defendant Birch refused to give Plaintiff any pain medication, including Tylenol. She also took away Plaintiff's crutches. Plaintiff further claims that Defendant Birch retaliated against him for verbally complaining about his care, by directing the nurses to make him get up and walk to get his pain medication, and by refusing treatment in an attempt to minimize his injuries. He states that Defendant Birch ignored his requests for treatment and threatened to discipline him for refusing a direct order if he did not leave the infirmary and return to his cell.

### C.  Analysis

Based on these allegations, the Court finds it efficient to divide the complaint into three counts**. The parties should use these designations in all future pleadings**, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

### Count 1 - Negligence

As this Court noted in its earlier dismissal order herein, negligence on the part of a prison official does not give rise to a constitutional claim (*see* Doc. 10, p. 4). *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life,

liberty, or property."); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995) (a defendant cannot be held liable under § 1983 for negligence). Although Plaintiff sprinkles his complaint with the allegation that Defendant Mark and Defendant Unknown Party/Chief Engineer were "deliberately indifferent" in exposing Plaintiff to safety risks, the substance of Plaintiff's claims against these Defendants is that they were *negligent* in failing to implement safety measures on the work site, and Plaintiff was injured as a result. Again, Plaintiff cannot maintain such a claim in federal court in a § 1983 action. Regardless of the merits of Plaintiff's negligence claim, the Defendants' actions did not violate Plaintiff's federally-secured constitutional rights.

Accordingly, Count 1 against Defendants Mark and Unknown Party/Chief Engineer must be dismissed without prejudice to Plaintiff filing this claim in the appropriate state court.

**Count 2 - Deliberate Indifference to Medical Needs**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) existence of "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's description of his injuries from the fall, his ongoing substantial pain, and his difficulty in walking due to the pain, indicate that he suffered from an objectively serious medical condition.

As to the subjective element of deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and also must actually "draw the inference." *Farmer,* 511 U.S. at 837. The Seventh Circuit's decisions applying this standard to the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing

*Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

A delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition")).

Here, Plaintiff received some medical care, including evaluation at an outside hospital and a brief stay in the prison infirmary. However, he received only minimal treatment for the significant pain from his injuries, despite his requests. Plaintiff alleged that he requested medication for his pain from Defendant Birch, but that she refused to give him any and took away the crutches he had been using to assist him in walking. He also describes an incident where a pain pill was placed out of his reach at a time when he was in too much pain to get up and retrieve it, and he alleges that Defendant Birch directed the nurse to leave the pill in that location. The deliberate indifference claim against Defendant Birch survives threshold review.

### **Count 3 - Retaliation**

It is well established that prison officials may not retaliate against inmates for complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). In the prison context, where an inmate is alleging retaliation, the inmate must identify the reason(s) that retaliation has been taken, as well as "the act or acts

claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.*

Plaintiff alleges that he complained about his medical care, and Defendant Birch retaliated against him by directing the nurses to mistreat him, deliberately refusing treatment, ignoring his requests to see her, and threatening him with a disciplinary ticket. Plaintiff's allegations are sufficient at this stage to put Defendant Birch on notice of the purported retaliatory acts and the reason he believes she took those actions. Thus, dismissal of the retaliation claim would not be appropriate at this time.

**D.** **Disposition**

The Court **ORDERS** as follows.

**Count 1** fails to state a claim upon which relief may be granted and is **DISMISSED** without prejudice to Plaintiff bringing those claims in state court. Defendants **MARK** and **UNKNOWN PARTY/CHIEF ENGINEER** are **DISMISSED** from this action without prejudice.

**Count 2 and Count 3**, directed against Defendant Birch, survive threshold review.

The Clerk's Office **SHALL PREPARE** for Defendant **BIRCH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk's Office shall mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from

the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**It is further ORDERED** that Plaintiff shall serve upon Defendant Birch (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Birch shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pretrial proceedings. This entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    IT IS SO ORDERED.

    DATED:  June 10, 2011.

                                      **s/ MICHAEL J. REAGAN**
                                      MICHAEL J. REAGAN
                                      United States District Judge